NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUJATA VYAS, Dr., | No.   17-56632 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-02152-RSWL-DFM |
| v. | |
| BHASKAR VYAS, an individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted March 8, 2019[**]
Pasadena, California

Before:  SCHROEDER and OWENS, Circuit Judges, and CHRISTENSEN,[***] Chief District Judge.

Plaintiff Sujata Vyas appeals from the district court's orders granting

summary judgment to Defendants Bhaskar Vyas and Schwab Retirement Plan

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

Services, Inc. ("Schwab").  As the parties are familiar with the facts, we do not recount them here.  We affirm.

1. Vyas does not have standing to sue her ex-husband for breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"). Vyas is not "a participant, beneficiary or fiduciary" of the relevant plan.  *See* 29 U.S.C. § 1132(a)(2).  Vyas is not named in the plan documents, and the plan is not mentioned in the judgment of dissolution or in a qualified domestic relations order. *See* 29 U.S.C. § 1056(d)(3)(C), (J).

2. Vyas has no claim for breach of fiduciary duty against Schwab because Schwab did not "perform[] a fiduciary function" when it took "the action[s] subject to complaint."  *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).  Vyas alleged only that Schwab carried out the directions of the plan administrator, which is not a party to this lawsuit.  *See Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1102 (9th Cir. 2004) ("ERISA relieves a trustee from fiduciary obligations regarding the management and control of a plan's assets when the trustee is directed by the plan's designated fiduciaries." (quotation marks omitted)).  Schwab did not "exercise[] any discretionary authority or discretionary control respecting management of [the] plan[s] or exercise[] any authority or control respecting management or disposition of [plan] assets."  29 U.S.C. § 1002(21)(A)(i).

**AFFIRMED**.